UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON WASHINGTON, <br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF STATE <br> COUNTY AND MUNICIPAL EMPLOYEES, <br> LOCAL 1111, <br> Defendant. | 13-cv-5240 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sharon Washington alleges that her union, the American Federation of State, County and Municipal Employees Local 1111 ("AFSCME"), breached its duty to fairly represent her during a grievance process. AFSCME moves to dismiss her complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the following reasons, AFSCME's motion to dismiss is granted without prejudice.

**Background**

In 1987, Washington was hired as a clerk at Provident Hospital which is owned and operated by Cook County. Soon after starting her new position, Washington became a member of AFSCME. In 2007, Carmen Goodloe ("Goodloe") became an Administrative Assistant for the hospital as well as the President of AFSCME. Washington alleges that Goodloe became angry with her after Washington ran against her and won an election as a union officer. Washington claims that on January 23, 2012, she filed her own grievance against the hospital for failing to accommodate her sarcoidosis condition, after Goodloe ignored her requests to have the union file a grievance on her behalf. On April 8, 2013, a hearing was held on Washington's grievance in Cook County. Washington alleges that neither Goodloe nor her representative participated in the hearing. Washington was informed of an appeal of her grievance on June 17, 2013; however, on May 17, 2013, her appeal was denied. Washington was also informed by letter that AFSCME declined to pursue her claims further after reviewing her file. Washington claims that a meeting scheduled to discuss hospital accommodations for her sarcoidosis never occurred despite her attempts to follow up with a Cook County labor relations representative. Washington alleges further that upon her return to work at the hospital, her supervisor made her

1

working conditions "unacceptable" and that AFSCME did nothing to respond to her supervisor's "abusive behavior." Washington alleges that AFSCME acted in bad faith and an arbitrary fashion toward her by failing to file a grievance on her behalf and refusing to participate in the grievance hearing scheduled on April 8, 2013 in violation of Section 8(b) of the National Labor Relations Act ("NLRA").

**Legal Standard**

AFSCME argues that Washington's claims should be dismissed pursuant to Rule 12(b)(1) because they fall within the primary and exclusive jurisdiction of the National Labor Relations Board ("NLRB"). Under Rule 12(b)(1), a claim should be dismissed if the federal court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(b)(1). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). The burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Accordingly, when a party moves for dismissal under Rule 12(b)(1), the non-moving party must support its allegations with competent proof of jurisdictional facts. *See Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942).

**Discussion**

"A breach of the duty of fair representation under the NLRA 'occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Scholl v. Chi. Reg'l Council of Carpenters*, No. 12 C 1806, 2013 U.S. Dist. LEXIS 16374 (N.D. Ill. Feb. 6, 2013) (citing *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1966)). Initially, a NLRA Section 7 or 8 violation would exclusively fall under the jurisdiction of the NLRB. However, if a union member adequately alleges a breach of the duty of fair representation by the union, that claim may be properly filed in federal court under § 301 of the Labor Management Relations Act ("LMRA"). *See O'Connor v. Local 881 UFCW*, 393 F. Supp. 2d 649, 655 (N.D. Ill. 2005) (J. Hart); *see also Nielsen v. International Ass'n of Machinists & Aerospace Workers, Local Lodge 2569*, 94 F.3d 1107, 1111 (7th Cir. 1996) (noting that a § 301 claim alleging a breach of the duty to fairly represent could be brought in federal court despite the existence of an arbitration clause in the collective bargaining agreement). Courts in

2

this district have routinely held that a federal district court may resolve issues as to NLRA § 7 or § 8 violations if necessary and collateral to a § 301 duty of fair representation claim. *See O'Connor*, 393 F. Supp. 2d at 656; *see also Almquist v. Local 17-U of the USW*, No. 99 C 1083, 2001 U.S. Dist. LEXIS 15981 (N.D. Ill. Sept. 20, 2001) (J. Zagel); *see also Marquez v. Screen Actors Guild*, 525 U.S. 33, 50 (1998) (noting that "although federal district courts cannot resolve pure statutory claims under the NLRA, they can resolve statutory issues to the extent that the resolution of these issues is necessary for a decision on the plaintiff's duty of fair representation claim"). Accordingly, "[i]f a violation of § 7 or § 8 of the NLRA is alleged, a federal court should defer to the primary jurisdiction of the NLRB unless facts are alleged that would demonstrate arbitrary, discriminatory, or bad faith conduct constituting a breach of the union's duty of fair representation." *O'Connor*, 393 F. Supp. 2d at 656. To the extent AFSCME had a duty of fair representation to Washington, AFSCME's duties are defined by the collective bargaining agreement and therefore are governed by § 301 of the LMRA. *Begeske v. General Teamsters Union, Local 673*, No. 09-cv-4009, 2012 U.S. Dist. LEXIS 11442 (N.D. Ill. Jan. 31, 2012). Section 301 provides for federal court jurisdiction over "suits in violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185. However, "breach of the duty of fair representation claims filed by public employees in Illinois are not governed by federal duty of fair representation law." *Irwin v. AFSCME Council 31*, No. 09 C 5839, 2010 U.S. Dist. LEXIS 81912 (N.D. Ill. Aug. 10, 2010).

In this case, Washington alleges that AFSCME breached its duty to fairly represent her during the grievance process. AFSCME argues that this court has no subject matter jurisdiction over the action because Washington is a public employee. Washington concedes that she is a public employee who works for Provident Hospital which is owned and operated by Cook County. Accordingly, this Court lacks jurisdiction over Washington's duty of fair representation claims. Nonetheless, Washington argues that she should be allowed to file an amended complaint for a breach of fiduciary duty against AFSCME. Leave to file an amended complaint should be granted liberally so long as there is no undue delay, bad faith, dilatory motives. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Accordingly, AFSCME's motion to dismiss is granted without prejudice. Washington is granted 21 days to file an amended complaint.

**Conclusion**

AFSCME's motion to dismiss for lack of subject matter jurisdiction is granted without prejudice. Washington is granted 21 days to file an amended complaint. If an amended complaint is not filed by that date, her complaint will be dismissed with prejudice.

IT IS SO ORDERED.

Date: January 24, 2014

_____
Sharon Johnson Coleman
United States District Judge